IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHARON BETH PATTERSON                                                                      PLAINTIFF

vs.                                            Civil No. 2:17-cv-02087

KILOLO KIJAKAZI
Acting Commissioner, Social Security Administration                          DEFENDANT

## ORDER

Pending now before the Court is Plaintiff's Motion for Authorization of Fees Pursuant to 42 U.S.C. § 406(b).  ECF No. 17.  Defendant responded to Plaintiff's Motion.  ECF No. 19.  Plaintiff has also filed an itemized statement of attorney hours.  ECF No. 17-4.  This matter is now ripe for consideration.

1. **Background:**

On May 22, 2017, Plaintiff appealed to the Court from the Commissioner of the Social Security Administration's ("SSA") denial of her request for disability benefits.  ECF No. 1.  On April 17, 2018, Plaintiff's case was reversed and remanded to the SSA for further administrative review.  ECF No. 11-12.

After that remand, Plaintiff was awarded disability benefits.  ECF No. 17.  Plaintiff was awarded $82,818.50 as past-due benefits.  *Id.*  Of that amount, Plaintiff's attorney claims she is entitled to $7,704.63 in attorney's fees.  *Id.*  With the current Motion, Plaintiff's counsel seeks that entire amount.  *Id.*

2. **Applicable Law:**

Pursuant to 42 U.S.C. § 406(b)(1)(A), whenever a court renders a judgment favorable to a claimant, that court is permitted to determine and to allow as part of its judgment a reasonable fee

for the representation of the claimant before the court. This fee must not be in excess of 25 percent of the total past-due DIB to which the claimant is entitled by reason of such judgment, and this fee may be taken out of the amount of the Plaintiff's past-due DIB. *See id.* However, a court is not authorized to award attorney's fees out of a claimant's past-due SSI. *See id.; Bowen v. Galbreath,* 485 U.S. 74, 78 (1988) (holding that a court is not authorized to award past-due SSI benefits as attorney's fees under Section 406(b)).

Furthermore, a court is not authorized to approve a fee for time spent in the representation of the Plaintiff at the agency level. *See* 42 U.S.C. § 406(b)(1). It is the Commissioner's responsibility to award the fees for any representation before an agency and such fees are not awarded by the courts. *See Pittman v. Sullivan,* 911 F.2d 42, 46 (8th Cir. 1990) (holding that "the matter of attorney's fees for services performed at the administrative level is committed by § 406(b)(1) to the responsibility of the Secretary exclusively and such fees may not be awarded by the courts"). Instead, a plaintiff's attorney must petition the agency for these fees. *See* 42 U.S.C. § 406(a).

In determining the reasonableness of a requested fee, the Eighth Circuit previously determined that the "lodestar" approach should be applied. *See Cotter v. Bowen,* 879 F.2d 359, 363 (8th Cir. 1989), *abrogated by Gisbrecht v. Barnhart,* 535 U.S. 789 (2002). The lodstar approach for fee setting states that a reasonable fee is obtained by multiplying the number of hours reasonably worked on a case by a reasonable hourly rate. *Id.* The United States Supreme Court has, however, abrogated *Cotter* and held that the lodestar approach should not be used as the standard for calculating reasonable attorney's fees. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 793 (2002).

Instead, the United States Supreme Court held Section 406(b) instructs courts to use attorney-client contingency fee agreements to determine the fees to be awarded. *Id.* at 808. Courts should utilize these agreements in awarding fees because the court should not "override customary attorney-client contingent-fee agreements." *Id.* The court is, however, required to review the reasonableness of fees yielded by a contingency fee agreement when awarding fees under Section 406(b). *Id.* (holding that "§ 406(b) instructs courts to review for reasonableness fees yielded by those [contingency-fee] agreements").

3. **Discussion:**

Based upon her itemized bill, Plaintiff's attorney spent 37.25 hours of work devoted to representing Plaintiff before the district court. ECF Nos. 17. Pursuant to the contingency fee agreement, Plaintiff's attorney is entitled to 25 percent of past-due benefits, or $20,740.63. *Id.* Plaintiff's attorney has previously received a fee in the amount of $13,300.00 for work at the administration level. ECF No. 17-2. This would leave a difference of $7,404.63 which represents the remainder of the total 25 percent of back pay after payment of the 406 (a) fee for work before the district court.

The total of $7,404.63 divided by the total number of hours requested of 37.25 for work performed before the district court equals an hourly rate of approximately $198.78. Based upon the experience of Plaintiff's attorney and the contingency fee agreement between Plaintiff and her attorney, this Court finds this is a reasonable hourly rate. *See Gisbrecht,* 535 U.S. at 793. Notably, the Defendant does not object to the reasonableness of the requested fee. ECF No. 19, p. 4. Therefore, the requested amount of $7,404.63 should be awarded.

Finally, Defendant notes the Motion "could be viewed as untimely." ECF No. 19, p. 3. Here, the SSA awarded fees pursuant to section 406(a) on September 27, 2021, and such Order

was not received by Plaintiff's counsel until October 4, 2021. ECF No. 17, p. 2 and exhibit 17-3. The instant motion was filed twenty-nine (29) days later.[1] Accordingly, the Court finds the Motion was timely filed based on the fact Plaintiff counsel was not able to file a 406(b) petition prior to receipt of approval of the fee petition for the 406(a) fee, which was not received until October 4, 2021.

4.      **Conclusion:**

The Plaintiff's Motion for Authorization of Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 17) is **GRANTED**. Pursuant to 42 U.S.C. § 406(b), the Court approves the attorney's fees award in the amount of **$7,404.63**. This amount represents approximately 37.25 court-related hours at an hourly rate of $198.78.

**ENTERED this 19th day of January 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant notes the Motion was filed 125 days after the notice of award was issued by the SSA on June 30, 3021 and suggests this may make the filing untimely. ECF No. 19, p. 3. Here it is clear Plaintiff's counsel could not file the instant Motion until the order on the request for 406(a) fees was entered, otherwise counsel would not be able to determine what amount of fee, under her contingent fee agreement, was left unpaid.